IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ANDREW CHIEN,

    Appellant,

v.                                  Civil Action No. 3:12cv900

COMMONWEALTH
BIOTECHNOLOGIES, INC.,

    Appellee.

## MEMORANDUM OPINION

This matter is before the Court on appellant Andrew Chien's ("Chien") MOTION TO GRANT ANDREW CHIEN AS THE SUBSTITUTION PARTY FOR FORNOVA AS DEFENDANT IN THIS CASE (Docket No. 12). For the reasons set forth herein, the motion will be denied.

## BACKGROUND

This appeal arises from entry of default judgment against Fornova Pharmworld Inc. ("Fornova") by the United States Bankruptcy Court for the Eastern District of Virginia ("the Bankruptcy Court").

On January 20, 2011, the debtor-appellee, Commonwealth Biotechnologies, Inc. ("CBI") filed a petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. On May 16, 2011, Fornova filed a claim for $622,167. On February 10, 2012, CBI initiated an Adversary Proceeding objecting to the claim and seeking either to either equitably subordinate the

claim or recharacterize the claim as an equity interest. On March 12, 2012, Chien filed a "Motion to Dismiss Adversary Proceeding" on behalf of Fornova, describing himself as Fornova's "trustee." On March 20, 2012, Chien appeared at a pretrial conference on behalf of Fornova. At this meeting, Chien was advised by the Bankruptcy Court that he could not appear on behalf of Fornova without being a licensed and duly admitted attorney. Thereafter, Chien engaged in a series of efforts to represent Fornova before the Bankruptcy Court, under a variety of theories, which culminated in the Bankruptcy Court entered an Order on May 1, 2012 requiring Chien to refrain from filing documents or attempting to appear on behalf of Fornova. Undeterred, however, on June 13, 2012, Chien filed two additional motions before the Bankruptcy Court. Accordingly, on June 14, 2012, the Bankruptcy Court issued an order directing Chien to appear before the Bankruptcy Court and show cause why he should not be held in contempt.

On July 18, 2012, the Bankruptcy Court held a show cause hearing and, after hearing Chien's various arguments, the Bankruptcy Court held Chien in contempt.[1] As a result of its conclusion that Chien could not represent Fornova, and finding

---

[1] That order was appealed to this Court and was affirmed by Memorandum Opinion dated December 19, 2012. Chien v. Commonwealth Biotechnologies, Inc., No. 3:12-cv-707-REP, 484 B.R. 659 (E.D. Va. 2012).

2

that Fornova had failed to respond as required to the Adversary Proceeding, the Bankruptcy Court entered default judgment against Fornova and in favor of CBI. On December 20, 2012, Chien timely filed a notice of appeal of the Bankruptcy Court's order.

On January 8, 2013, Chien filed a motion for a stay of the Bankruptcy Court's order pending the appeal (Docket No. 4). By Memorandum Order dated February 5, 2013 (Docket No. 11), the Court denied the motion. In that Order, the Court sua sponte directed Chien to file a supplemental brief addressing how he had standing to appeal the Bankruptcy Court's order on behalf of Fornova.

On February 7, 2013, Chien filed the present motion seeking to substitute himself for Fornova as a party to this action. On February 20, 2013, the Court granted Chien's motion to reconsider its February 5 Order, insofar as Chien had set forth his theory of standing in his motion to substitute parties. See Order dated February 20, 2013 (Docket No. 16). In the motion to substitute parties, Chien asserts, in essence, that he has purchased the note at issue from Fornova and that, therefore, he now has standing to pursue the claim against CBI. In response, CBI filed a limited objection (Docket No. 17) taking the view that it has no objection to Chien being substituted for Fornova if he had purchased the note, but expressing the view that Chien

3

had not, in fact, purchased the note.[2] In a supplemental response (Docket No. 21), CBI commended to the Court, for its persuasive authority only, a decision by the Bankruptcy Court denying a similar motion by Chien in that court. Chien filed a reply (Docket No. 18) and a supplemental reply (Docket No. 25).

## DISCUSSION

Chien's motion to substitute himself as the proper party in interest is predicated on the claim that he has validly become a holder of the Fornova note. If he has, then, as CBI concedes, Chien likely ought to be substituted as the party in this action and Chien would, at that point, have standing to prosecute the appeal. See Appellee's Objection (Docket No. 17) at 8 ("The Debtor does not object to the substitution of Mr. Chien for Fornova if . . . he has properly purchase the purported note and is indeed the legal holder of the Claim."). Thus, the Court must determine whether Chien is a holder of the Fornova note.

According to the terms of the Purchase Agreement, submitted by Chien as evidence of his purchase of the Fornova note, "all aspects of [the] Agreement should be governed by the Laws of State of Connecticut." Purchase Agreement (Docket No. 13-9) at

---

[2] As CBI notes, if the motion to substitute were granted, Chien would "step into his predecessor's shoes as if no change has occurred." In re Wills, 226 B.R. 369, 375 (Bankr. E.D. Va. 1998). What relief, if any, a substitution of parties would afford Chien is not before the Court in this motion.

4

2. Under Connecticut law, the transfer of a negotiable instrument, such as the promissory note at issue here, is governed by Connecticut's Uniform Commercial Code, codified at Conn. Gen. Stat. § 42a-3-203. Connecticut law provides that "negotiation of an instrument means a transfer of possession by someone other than the issuer of the instrument to another person who, through negotiation, becomes the holder of the instrument." Ulster Savings Bank v. 28 Brynwood Lane, Ltd., 41 A.3d 1077, 1085 (Conn. App. Ct. 2012). Further, "[a]n instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." Id. (internal quotations omitted). In order to establish possession of the note, and thus the right to enforce the note, the purported holder must demonstrate physical possession of the note. See Cadle Co. v. Errato, 802 A.2d 887, 895 (Conn. App. Ct. 2002) ("[T]o establish a prima facie case, the plaintiff was required to demonstrate that it possessed the note."); see also SKW Real Estate Ltd v. Gallicchio, 716 A.2d 903, 908 (Conn. App. Ct. 1998) ("The production of the note establishes his prima facie case against the makers and he may rest there."). A copy of the note may serve to establish possession, but only where the other party "fail[s] to present any evidence demonstrating that the [purported holder] was not in possession of the note or casting

any doubt on the [purported holder's] status as a holder in due course." Cadle Co., 802 A.2d at 896. However, in "the absence of the original note," the purported holder must present "sufficient evidence . . . to support a finding" of possession. Id.

CBI clearly challenges Chien's claim to hold the note. See Debtor's Supp. Obj. (Docket No. 21) at 2. Chien does not dispute that he does not have possession of the note. See Chien's Resp. to Supp. Obj. (Docket No. 25) at 1 ("On December 22, 2012, Andrew Chien signed the purchasing agreement with Lizi Wang . . . However, Lizi Wang can't deliver the original."). Chien nevertheless argues that the "purchasing order is enforceable" because the agreement is "original, real, and well written" and signed by the parties. Id. at 2. Nevertheless, Connecticut law is clear: in order for the Fornova Note to be effectively negotiated and for Chien to become the legal holder of the note, the note must be delivered to Chien and he must take possession of it.

Accordingly, the Court concludes that Chien is not the holder of the Fornova Note and, as a result, does not have the right to enforce it.

## CONCLUSION

For the reasons set forth above, Chien's MOTION TO GRANT ANDREW CHIEN AS THE SUBSTITUTION PARTY FOR FORNOVA AS DEFENDANT IN THIS CASE (Docket No. 12) will be denied.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 26, 2013